IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
| MICHELLE NICOLE ARCHIE : | |
| fka Michelle Nicole Carelock : | CASE NO. 1:16-bk-02801 |
|     Debtor : | |
| : | |
| SPECIALIZED LOAN SERVICING LLC, : | |
| as servicer for Deutsche Bank National : | |
| Trust Company, as Trustee for First : | |
| Franklin Mortgage Loan Trust 2006- : | |
| FF11, Mortgage Pass-Through : | |
| Certificates, Series 2006-FF11. : | |
|     Movant : | |
| : | |
| v. : | |
| : | |
| MICHELLE NICOLE ARCHIE | |
| fka Michelle Nicole Carelock, | |
|     Respondent | |

## ANSWER TO MOTION FOR RELIEF FROM STAY

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted that the filing of a bankruptcy petition acts as a stay upon certain foreclosure actions.  Denied that Movant contemplated filing a foreclosure action at the time of the bankruptcy filing because the proof of claim indicates that the Debtor was due for only one payment at that time, plus a projected escrow deficiency.

6. Denied that Debtor has failed to make the monthly post-petition payments.  By letter of January 11, 2017, Wells Fargo returned two checks to the Debtor's husband each in the amount of $800.00.  Inexplicably, the checks were made payable to America's Servicing

Company so neither the Debtor nor her husband were able to cash the checks. Debtor and the undersigned attempted to have these payments re-issued to no avail. In response to Movant's attorney's June 7, 2017 request for concurrence in the motion for relief, Debtor's counsel responded that "The Debtor does not concur in relief. In fact, we have been trying for months to get a response on what to do with the two attached checks. Furthermore, my client has tried to make payments and was informed by her bank that the payment was refused by biller. See attached email of May 12, 2017. Please find out what can be done about these checks and why the mortgagee will not accept her payments."

On June 13, 2017, Debtor's husband received another notice that another mortgage payment had been refused.

7. Proof of amounts owed is demanded at trial and this averment is therefore denied.

8. Debtor is without sufficient information to determine the accuracy of this averment and it is therefore denied.

9. .Movant has failed to satisfy all of the elements of Bankruptcy Code § 506(b) and allegations that the Debtor is responsible for payment of attorney fees and costs are therefore denied.

WHEREFORE, the Debtor respectfully requests that this Court deny the motion for relief filed by the Movant and grant such other relief as this Court deems just.

Respectfully submitted,

/s/ Dorothy L. Mott
_____
Dorothy L. Mott, Esquire
Mott & Gendron Law
Attorney ID # 43568
125 State Street
Harrisburg, PA 17101
(717) 232–6650 TEL
(717) 232-0477 FAX
doriemott@aol.com